**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 12 2005
Michael N. Milby, Clerk

| | |
|---|---|
| KELLY ALEXANDER, SHIRLEY ADAME, PAMELA ARD, JANELL BARTON, HEIKE BASSETT, MARGARET BAUER, JEFFORY BEADLES, LISA BRITTON, SUSAN BURKES, CHRISTY CORCORAN, WALTER CRAWFORD, KAREN CRENSHAW, BLANCA DELEON, PETER DUONG, LEIGH ANNE FERGUSON, ANGELA GRACE, CINDY GRISHAM, DARLENE HAMBLIN, SHARLENE HOMNICK, MARGARET JEFFERS, JOY KRING, POLLY LANDERS, BRENDA LEWIS, JOANN MENDOZA, B.J. MYERS, PRISCILLA PACE, CHRISTINA PUNDT, DANICE RICHARDSON, GLORIA SALAZAR, CECILIA SANCHEZ, KIMBERLY SCHROEDER, NIKI STUCHENKO, JENNIFER TIPP, MIRIAM VELAS, JOSEFINA VILLARREAL, TAMMIE WEAVER, KRISTI WHITEHORN, BRENDA JOYCE WILLIAMS, and BRENDA YAEGER, § § § § § § § § § § § § § § § § § § § § § § § § § § § | **H-05-3189**<br>Civil Action No. _____<br><br>JURY TRIAL DEMANDED |
| Plaintiffs, § § | |
| v. § § | |
| TGF PRECISION HAIRCUTTERS, INC., BRELIAN, INC. and FRANK TAVAKOLI, § § § § | |
| Defendants. § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

cl# 1044

Plaintiffs, as individually identified below in Section II (collectively referred to as "Plaintiffs"), file this Original Complaint against Defendants TGF Precision Haircutters, Inc., Brelian, Inc., and Frank Tavakoli (collectively, "TGF" or "Defendants"), and would show as follows:

## I.
## OVERVIEW

1. TGF failed to pay Plaintiffs in accordance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Specifically, TGF failed to pay overtime for all hours worked by Plaintiffs in excess of 40 per workweek.

## II.
## PARTIES

2. Plaintiff Kelly Alexander is an individual who resides in Humble, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

3. Plaintiff Shirley Adame is an individual who now resides in Walton, Kentucky. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

4. Plaintiff Pamela Ard is an individual who resides in Katy, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

5.  Plaintiff Janell Barton is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

6.  Plaintiff Heike Bassett is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

7.  Plaintiff Margaret Bauer is an individual who resides in The Woodlands, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

8.  Plaintiff Jeffory Beadles is an individual who now resides in Kilgore, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

9.  Plaintiff Lisa Britton is an individual who resides in Hearne, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

10. Plaintiff Susan Burkes is an individual who resides in Cleveland, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this

judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

11. Plaintiff Christy Corcoran is an individual who resides in Cleveland, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

12. Plaintiff Walter Crawford is an individual who resides in Sugar Land, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

13. Plaintiff Karen Crenshaw is an individual who resides in Anderson, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

14. Plaintiff Blanca Deleon is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

15. Plaintiff Peter Duong is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

16. Plaintiff Leigh Anne Ferguson is an individual who resides in Porter, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

17. Plaintiff Angela Grace is an individual who resides in Santa Fe, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

18. Plaintiff Cindy Grisham is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

19. Plaintiff Darlene Hamblin is an individual who resides in Spring, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

20. Plaintiff Sharlene Homnick is an individual who resides in Conroe, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

21. Plaintiff Margaret Jeffers is an individual who resides in Highlands, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this

judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

22. Plaintiff Joy Kring is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

23. Plaintiff Polly Landers is an individual who resides in Pasadena, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

24. Plaintiff Brenda Lewis is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

25. Plaintiff JoAnn Mendoza is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

26. Plaintiff B.J. Myers is an individual who resides in Liberty, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

27. Plaintiff Priscilla Pace is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

28. Plaintiff Christina Pundt is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

29. Plaintiff Danice Richardson is an individual who resides in Pasadena, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

30. Plaintiff Gloria Salazar is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

31. Plaintiff Cecilia Sanchez is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

32. Plaintiff Kimberly Schroeder is an individual who resides in Missouri City, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA

within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

33. Plaintiff Niki Stuchenko is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

34. Plaintiff Jennifer Tipp is an individual who resides in Lake Jackson, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

35. Plaintiff Miriam Velas is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

36. Plaintiff Josefina Villarreal is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

37. Plaintiff Tammie Weaver is an individual who resides in Pearland, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

38. Plaintiff Kristi Whitehorn is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

39. Plaintiff Brenda Joyce Williams is an individual who resides in Houston, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

40. Plaintiff Brenda Yaeger is an individual who resides in LaPorte, Texas. This Plaintiff worked as an employee of Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. This Plaintiff did not properly receive overtime compensation for hours worked in excess of 40 hours per week.

41. Defendant TGF Precision Haircutters, Inc. is a Texas corporation. During the relevant time period TGF was an employer of Plaintiffs within the meaning of the FLSA. TGF can be served through its registered agent for service, Mike Tavakoli, 8280 Westpark, Houston, Texas 77063, or wherever else he may be found.

42. Defendant Brelian, Inc. is a Texas corporation. During the relevant time period Brelian, Inc. was an employer of Plaintiffs within the meaning of the FLSA. Brelian, Inc. can be served through its registered agent for service, Farrokh Tavakoli, 8280 Westpark, Houston, Texas 77063, or wherever else he may be found.

43. Frank Tavakoli is the president of Brelian, Inc. and a shareholder in it. Tavakoli has control over the day-to-day operations of Brelian, Inc. During the relevant time period

Tavakoli was an employer of Plaintiffs within the meaning of the FLSA. Tavakoli may be served at 8280 Westpark, Houston, Texas 77063, or wherever else he may be found.

## III.
## JURISDICTION

44. This Court has subject matter jurisdiction over this case under 28 U.S.C. § 1331. This Court has personal jurisdiction over Defendants because each is based in this district, and because the cause of action arose within this district as a result of Defendants' conduct within this district.

## IV.
## VENUE

45. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(a) because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## V.
## COVERAGE

46. At all times hereinafter mentioned, Defendants have been employers within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47. At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by

any person and in that those enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

49. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## VI.
## FACTS

50. Plaintiffs were employed by TGF as nonexempt stylists and/or nonexempt managers or nonexempt assistant managers. TGF required, suffered, or permitted Plaintiffs to work in excess of 40 hours per week without being paid overtime compensation. Some of the hours worked by Plaintiffs were "off the clock," that is, these hours were not recorded on Defendants' time records for Plaintiffs. Plaintiffs were not paid time and a half for all the hours they worked over 40 hours per workweek.

51. The action in this lawsuit is related to C.A. No. H:03-3641; *Celia Johnson v. TGF Precision Haircutters, Inc., et. al.;* In the United States District Court for the Southern District of Texas; Houston Division, which is before the Honorable Judge Ewing Werlein, Jr. and C.A. No. H:05-0111; *Chandra Brooks, et al. v. TGF Precision Haircutters, Inc., et al.;* In the United States District Court for the Southern District of Texas; Houston Division, which is before the Honorable Judge Nancy F. Atlas.

## VII.
## FAILURE TO PAY WAGES IN
## ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

52. During the relevant period, TGF has violated, the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise

engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates no less than one and one-half times the regular rates for which they were employed. TGF has acted willfully in failing to pay Plaintiffs in accordance with the law.

## VIII.
## RELIEF SOUGHT

53. Plaintiffs respectfully demand a trial by jury and thereafter prays for judgment against TGF as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back overtime wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

   b. For an Order awarding Plaintiffs the costs of this action;

   c. For an Order awarding Plaintiffs their attorneys' fees;

   d. For an Order awarding Plaintiffs pre-judgment and/or post-judgment interest at the highest rates allowed by law; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*Brady Edwards/jpBraud*

**BRADY EDWARDS**
*(ATTORNEY-IN-CHARGE)*
State Bar No. 00793021
S.D. Bar No. 19361
**J. DEREK BRAZIEL**
State Bar No. 00793380
S.D. Bar No. 21134
EDWARDS, BURNS & BRAZIEL, LLP
1000 Louisiana, Suite 1300
Houston, Texas  77002
Telephone:  (713) 339-3233
Facsimile:  (713) 339-2233

**ATTORNEYS FOR PLAINTIFFS**

# ORIGINAL CIVIL COVER SHEET

§JS 44 (Rev 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I. (a) PLAINTIFFS
KELLY ALEXANDER, ET AL.

**DEFENDANTS**
TGF PRECISION HAIRCUTTERS, INC., BRELIAN, INC., and FRANK TAVAKOLI

(b) County of Residence of First Listed Plaintiff __HARRIS__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

United States Courts
Southern District of Texas
FILED
SEP 1 2 2005
Michael N. Milby, Clerk

(c) Attorney's (Firm Name, Address, and Telephone Number)
Brady Edwards, J. Derek Braziel - Edwards, Burns & Braziel, L.L.P.,
1000 Louisiana, Suite 1300, Houston, TX 77002 -- Ph 713.339.3233

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

H-05-3189

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  / ☐ 365 Personal Injury - Product Liability |  | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☒ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury |  | ☐ 862 Black Lung (923) |  |
| ☐ 196 Franchise |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
|  |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 870 Taxes (U.S Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | ☐ 790 Other Labor Litigation |  | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U S Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity)
Brief description of cause: Fair Labor Standards Act, 29 U.S.C. Section 201, et seq.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F R C P 23
DEMAND $ ____
CHECK YES only if demanded in complaint
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE Werlein / H:03-3641
DOCKET NUMBER Atlas / H:05-0111

DATE 9-7-05
SIGNATURE OF ATTORNEY OF RECORD Brady Edwards / JDBraziel

FOR OFFICE USE ONLY

RECEIPT # ____  AMOUNT ____  APPLYING IFP ____  JUDGE ____  MAG JUDGE ____

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title

(b) County of Residence. For each civil case filed, except U.S plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved )

(c) Attorneys Enter the firm name, address, telephone number, and attorney of record If there are several attorneys, list them on an attachment, noting in this section "(see attachment)"

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C P, which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes If there is more than one basis of jurisdiction, precedence is given in the order shown below

United States plaintiff (1) Jurisdiction based on 28 U.S C 1345 and 1348 Suits by agencies and officers of the United States are included here

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question (3) This refers to suits under 28 U S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States In cases where the U S is a party, the U S plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above Mark this section for each principal party

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit If the cause fits more than one nature of suit, select the most definitive.

V. **Origin** Place an "X" in one of the seven boxes.

Original Proceedings (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U S C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court (3) Check this box for cases remanded to the district court for further action Use the date of remand as the filing date.

Reinstated or Reopened (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U S C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers

Multidistrict Litigation (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U S C Section 1407 When this box is checked, do not check (5) above

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statutes unless diversity.** Example: U S. Civil Statute <u>47 USC 553</u>
Brief Description. <u>Unauthorized reception of cable service</u>

VII. **Requested in Complaint** Class Action Place an "X" in this box if you are filing a class action under Rule 23, F R Cv.P

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded

VIII. **Related Cases** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.