IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KELLY ALEXANDER, et. al., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-05-3189 |
| | § | |
| TGF PRECISION HAIRCUTTERS, | § | |
| INC., BRELIAN, INC. and FRANK | § | |
| TAVAKOLI | § | |
| | § | |
| Defendants. | § | |

ORDER

Pending before the Court is a Motion for Summary Judgement (Instrument No. 23) filed by Defendants TGF Precision Haircutters, Inc., Brelian, Inc. and Frank Tavakoli. Having considered the motion, submissions and applicable law, the Court determines the motion should be granted.

BACKGROUND

Plaintiff Miriam Velas ("Velas") alleges Defendants TGF Precision Haircutters, Inc. ("TGF"), Brelian, Inc. ("Brelian") and Frank Tavakoli ("Tavakoli"), (collectively, "Defendants") failed to properly pay her overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("FLSA"). Initially, Velas was among thirty-nine

plaintiffs in the case, all of whom had worked in hair salons owned by the Defendants.[1] Pursuant to a settlement agreement, the Court dismissed the suit on November 22, 2005, but the dismissal allowed the plaintiffs to move for reinstatement within ninety days. Thereafter, Velas moved to reopen the suit, and on February 22, 2006, the Court granted her motion. Thus, she is the only remaining plaintiff in the action.[2]

On March 27, 2006, Defendants moved for summary judgment, arguing Velas's claims are barred by the FLSA's statute of limitations. Velas's answer was due April 17, 2006, but she failed to respond to the Defendants' motion.

## STANDARD OF REVIEW

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Initially, the movant bears the burden of demonstrating to the court that there is an absence of a genuine issue of any material fact. *Id.* at 323. The burden then shifts to the party who bears the burden of proof on the claims on which

---

[1] Velas was originally part of a conditionally certified class action against the Defendants. However, that class action was later decertified, and the plaintiffs were given thirty days to re-file individual suits. Subsequently, on September 26, 2005, Velas and thirty eight of the original plaintiffs filed the instant action.

[2] On March 23, 2006, the Court granted a motion to withdraw filed by Velas's attorneys. Velas now proceeds *pro se*.

summary judgment is sought to present evidence beyond the pleadings to show there is a genuine issue for trial. *Id.* at 324. Summary judgment should only be granted when the entire record shows that no genuine issue of material fact exists. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

A genuine issue for trial exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50. Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint. *E.g.*, *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 713 (5th Cir.1994). It is not the function of the court to search the record on the non-movant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n. 30 (5th Cir. 1992).

Additionally, Rule 56(e) requires the party against whom a summary judgment motion is made to "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Absent such a response, a properly supported motion for summary judgment should be granted. *Eversly v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Failure to respond will be taken as a representation of no opposition.

S.D. TEX. LOCAL R. 7.4. However, the mere fact that no opposition is filed does not excuse the moving party from meeting its burden on the summary judgment motion. *E.g., John v. La. Bd. of Trs. for State Colls. & Univs.*, 757 F.2d 698, 709 (5th Cir. 1985). Thus, the Court will determine whether the Defendants have met their burden for summary judgment on Velas's FLSA claims.

## LAW AND ANALYSIS

Defendants contend Velas's claims are barred by the FLSA's statute of limitations. An FLSA action must be commenced within two years after a violation occurs. 29 U.S.C. § 255(a) (2000). However, if a violation was "willful," then the FLSA provides a three-year statute of limitations. *Id*. In the case at bar, Defendants present the affidavit of Michael Tavakoli, TGF's president, who states that Velas never worked for the corporation, which apparently is owned by Brelian. Amy Lindsey, Brelian's custodian of records, states Velas's last day at Brelian was April 20, 2001. Indeed, Velas's own affidavit confirms she was employed by Brelian from 1993 to April 2001. Therefore, she must have filed suit or joined the conditionally certified class action no later than April 20, 2004.[3]

---

[3] The plaintiffs' complaint in this case alleges that the three-year statute of limitations is applicable. The Court notes Defendants do not concede that the three-year statute of limitations applies, but rather, they argue that even using a three-year deadline, Velas's claims are time barred.

Velas intervened in the conditional class action on September 7, 2004, almost five months after the operative date for limitations purposes. Therefore, based on the undisputed evidence before it, the Court concludes Velas's claims are barred by the FLSA's statute of limitations. *See* 29 U.S.C. § 255(a). Thus, her claims cannot survive summary judgment. Accordingly, the Court hereby

ORDERS that Defendants TGF Precision Haircutters, Inc., Brelian, Inc. and Frank Tavakoli's Motion for Summary Judgment (Instrument No. 23) is GRANTED.

SIGNED at Houston, Texas, on this 19th day of April, 2006.

_____

DAVID HITTNER

United States District Judge